R. J. HAYWOOD v. L. P. SCARBOROUGH ET AL.

Decided January 26, 1906.

**Appointment of Receiver—Insufficient Allegations.**

In a petition for injunction and appointment of a receiver plaintiffs alleged, in substance, that they were joint owners with defendant in certain real and personal property, the title to which was in defendant's name; that defendant was trying to dispose of the same; that he was insolvent; that should he sell the same to an innocent purchaser such purchaser would remove the property elsewhere, defendant would appropriate the proceeds to his own use, and plaintiffs would suffer a total loss. The judge heard the petition in chambers, granted the injunction and appointed a receiver, all without notice to defendant. Held, that the appointment of a receiver without notice to defendant was error, because the petition did not show that the property in question was in such

"danger of being lost, removed or materially injured," as is required by the statute, and because the injunction gave ample protection.

Appeal from the District Court of Jasper County. Tried below before Hon. W. B. Howell.

*Robertson & Whitaker,* for appellant.—Our statute which provides that a receiver may be appointed "in an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured," is only declaratory of the equitable doctrine that a receiver will be appointed when it is necessary to save the subject of litigation from material injury, or preserve it from threatened destruction. And the record in this case does not show such impending injury, but rather shows that any such injury, alienation or other disposition of the property in this case was effectually prevented by the restraining order of the judge. And it was not shown that there was any revenue or income from the property. Wherefore a receiver was wholly unnecessary. City Nat. Bank v. Dunham, 44 S. W. Rep., 607; Rogers v. Southern Pine Lumber Co., 51 S. W. Rep., 32.

The court erred in appointing a receiver upon the ex parte hearing of plaintiffs' petition without notice to the defendant, and without full presentation of the facts, as this extraordinary power ought not to be exercised in such a manner as shown in this case, except in case of great emergency, and none was shown to exist in this case. Rogers v. Southern Pine Lumber Co., 51 S. W. Rep., 33; Beach on Receivers, sec. 134 et seq.; Smith on Receivers, sec. 374.

*J. F. Lanier,* for appellees.—A writ of injunction is not erroneously granted by a court in a case where the bill shows, first, that the applicant is entitled to the relief requested; and, second, that in order to give such relief, the restraint of some act is necessary, whether or not there is also an adequate legal remedy. Sec. 1, art. 2939, Revised Civil Statutes of Texas; Sumner v. Crawford, 91 Texas, 132.

No joint owner of property or tenant in common has a right to exclusive possession of the joint property, nor does the legal remedy by sequestration confer such right. Boone v. Knox, 80 Texas, 644.

Receivers may be appointed in an action between partners or others jointly owning or interested in any property where it is shown the property is in danger of being removed or materially injured. Sec. 1, art. 1465, Revised Civil Statute of Texas.

The court in appointing a receiver is invested with large discretion as to the necessity, and where there are grounds of relief prayed for that would authorize the appointment, it need not appear conclusively that plaintiff is entitled to recover thereon; it being sufficient that he has reasonable expectation of obtaining such relief. Houston Cemetery Company v. Drew, 36 S. W. Rep., 802.

REESE, Associate Justice.—This is an appeal from an order of the district judge in chambers appointing a receiver upon application of appellees, and without notice to appellant.

Appellees, L. P. Scarborough and others, filed their petition in the District Court of Jasper County alleging, in substance, that they were part owners with appellant Haywood, of a certain tract of land, and also certain personal property consisting of a brick machine, disintegrator, boilers, engine, pumps, oil pipes, wheel scrapers, steel scrapers, wagons, mules, etc., all in the possession of appellant. That appellant had bought the property at a trustee's sale for the joint account of himself and appellees, but had repudiated the trust and is asserting sole ownership in himself. Appellees prayed for injunction, and the appointment of a receiver, and upon this prayer, upon presentation of the petition to the district judge in chambers, an order was made, without notice to appellant, granting an injunction restraining appellant from selling, disposing of, or otherwise interfering with the property described in the petition, and from interfering with the receiver, in the same order appointed, and the rights of the appellees. By the same order a receiver was appointed with authority to take care of the property until the final determination of the suit.

This being an appeal from an order appointing a receiver (art. 1383, Rev. Stats.) made without notice to appellant, of necessity must be presented here upon the petition and the order appointing the receiver, alone. It is contended by appellant,

1. That the allegations of the petition do not authorize the appointment of a receiver.

2. That no necessity is shown for such action without notice to appellant, defendant in the suit.

The allegations of the petition upon which the injunction was granted and receiver appointed are, in substance, that appellant is trying to sell and dispose of the property, and should he succeed, threatens to and will apply the proceeds to his individual use and benefit. That he is insolvent and unable to respond to appellees in damages should he sell said property to an innocent purchaser for value without notice of appellees' interest therein (the apparent title thereof being in appellant), which he will do unless enjoined and restrained by this or some other court, and that such purchaser will remove the property elsewhere, and appellees will suffer a total loss of their interest in said property if such sale is made.

The statute authorizes the appointment of a receiver in an action between persons jointly owning or interested in any property or fund, on the application of the plaintiff, "where it is shown that the property or fund is in danger of being lost, removed, or materially injured." (Art. 1465(1), Rev. Stats.)

It is further provided that "in all matters relating to the appointment of receivers, the rules of equity shall govern where the same are not inconsistent with the provisions of this chapter and the general laws of this State." (Rev. Stats., art. 1493.)

The petition does not disclose that the property in question "is in danger of being lost, removed or materially injured." It is alleged, it is true, that if the appellant should sell the property the purchaser

would remove it, and also that if sold to an innocent purchaser, appellant having the legal title, appellees' interest therein would be lost to them; but such sale is effectually prevented by the injunction prayed for and granted, and all danger of loss or of removal is thus prevented. It is clear that neither under the particular provisions of the statute referred to, nor the general usages of equity was there any necessity for the appointment of the receiver. The writ of injunction operates as a complete protection of the rights of the appellees from any of the dangers actual or threatened, referred to in the petition.

If, under the allegations of the petition, it had been proper to appoint a receiver at all, clearly no case is made justifying such action without notice to appellant. In order to justify the appointment of a receiver, without notice to the adverse party, not only must a proper case be made for the appointment, but, in addition, the facts should be disclosed, showing such pressing emergency and the existence of such circumstances as to render an immediate appointment without notice necessary for the protection of the rights of the applicant. No such emergency or necessity is disclosed by the petition.

The order appointing the receiver is set aside and annulled, and it is ordered that the receiver be discharged and the property restored to the possession of appellant.

*Reversed.*