## SACHS v. GOLDBERG.

(Court of Civil Appeals of Texas. Feb. 28, 1911.)

RECEIVERS (§ 35*)—APPOINTMENT—GROUNDS—NOTICE.

Plaintiff and defendant bought a lease of certain improvements, and plaintiff acted as agent in collecting the rents, etc. Defendant afterwards purchased the fee, and a dispute arose as to the rent, and plaintiff brought trespass to try title, and defendant in a cross-action applied for a receiver on the ground that the business relations between plaintiff and himself were not harmonious, and that mutual confidence was destroyed, due to plaintiff's failure to pay $37.50 ground rent, and because of an affray between plaintiff and himself, which would prevent the proper management of the leased property and produce a loss. *Held,* that such allegations were not sufficient to warrant the appointment of a receiver without notice, under Rev. St. 1895, art. 1465, because it was not shown that the property was in danger of being lost or materially injured.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 54–60; Dec. Dig. § 35.*]

Appeal from District Court, Jefferson County; W. H. Pope, Judge.

Action by B. Sachs against A. Goldberg. From an order appointing a receiver, plaintiff appeals. Reversed, and order vacated.

Dougherty, Conley & Gordon and Joe Williams, for appellant.

McMEANS, J. This is an appeal from an order made by the district judge of the Fifty-Eighth judicial district of Jefferson county in chambers, appointing a receiver of lot No. 1 in block 138 of the city of Port Arthur and the improvements thereon. The appointment was made upon the prayer of the appellee Goldberg, defendant in the court below, as contained in his cross-bill to the cause of action asserted by the plaintiff in his original petition. Plaintiff's suit was in the nature of an action of trespass to try title to an undivided half interest in lot No. 1 in block 138 of the city of Port Arthur, in Jefferson county, Tex., and specifically to enforce a parol trust to an undivided half interest in said lot. About one month after the filing of plaintiff's suit, the defendant Goldberg filed his answer thereto, consisting of a plea of not guilty and specially denying the facts alleged by plaintiff to establish the parol trust, and, in addition thereto, filed a cross-bill, in which he gave a history of the ownership of the lot in question, and alleged that the same had been originally leased by J. S. White, the legal owner thereof, to one H. A. Gottlich by written lease, a copy of which accompanied said answer, and that the said Gottlich agreed to pay $150 per annum ground rent, quarterly in advance, for the use of said lot; that subsequently, to wit, on or about the 14th day of May, 1909, plaintiff and defendant, with the written consent of the owner, J. S. White, purchased from Gottlich for the consideration of $1,000 the lease on said lot and the buildings or improvements thereon, and that thereafter, to wit, on the 9th day of December, 1910, the defendant, Goldberg, purchased from the owner, J. S. White, the said lot described in plaintiff's petition, and that the

defendant has ever since owned and still owns said lot in fee simple, and that he is entitled to collect and receive the ground rent of $150 per annum payable quarterly in advance as specified in said lease; that the ground rent for one quarter was due January 2, 1911, one-half of which the plaintiff, B. Sachs, was liable to pay to the defendant, and, although defendant has demanded payment, plaintiff has failed and refused to pay the same or any part thereof. Defendant further says that the reason that said Sachs refused to pay said ground rent is that he claims that he is the owner of, or equitably entitled to, a one-half interest in said lot upon the allegations contained in his original petition.

The defendant admits in his cross-bill that plaintiff at the time of the purchase of the buildings on said lot was, and since the date of said purchase and now is, the manager and agent of the buildings on said lot theretofore purchased jointly by plaintiff and defendant, collecting the rents therefrom. Defendant then alleges that differences have sprung up between plaintiff and defendant about the management of the buildings on said lots, which he says is due mainly to plaintiff's refusal to rent the mercantile building to the best advantage, and by reason of the further fact that defendant was advised that plaintiff intended to play the defendant a "dirty trick." Defendant further alleges that the business relations between plaintiff and himself are not harmonious, and that mutual confidence is destroyed, due to plaintiff's failure to pay defendant $37.50 ground rent, due on the 2d day of January, 1911, also by reason of an affray between plaintiff and defendant set forth in his answer, which facts the defendant concludes will prevent the successful and proper management of the leased property by plaintiff during the remainder of the term and produce a loss.

Defendant further alleges that he is no longer willing to grant plaintiff the agency and management of the leased property, nor is he willing that plaintiff collect the rents, and concludes that for like reasons defendant believes plaintiff will not turn the management and control of the property, over to him, and avers that a necessity exists for the appointment of a receiver to take possession of the property; to care for the same, keep it in repair, rent it out, and collect all rents due, pending litigation, which appointment, under the circumstances, he alleges, is necessary for the preservation of the property and to prevent loss of rents, both on the lot and the leasehold property. The prayer is for the appointment of a receiver to take charge of the property pending litigation; that the receiver so appointed under defendant's application care for the property and keep the same in repair, collect and keep safe both the ground rents and the rents from said building pending the litigation, and generally to do all things necessary and proper for the preservation of the property and the rights of the defendant pending litigation, and for general relief.

The allegations of the cross-bill were sworn to by defendant, Goldberg. On the cross-action of the defendant, the judge in chambers, without notice to the plaintiff, Sachs, or his attorneys of record, made an order appointing S. O. Latimer receiver of the lot and the improvements thereupon upon his giving bond in the sum of $500, conditioned as required by law. The bond was given, and Latimer took the oath required by the statute, and assumed possession of the property. From the order of the court this appeal is prosecuted by the plaintiff, Sachs.

By his first assignment of error appellant complains that the court erred in appointing a receiver, without notice, because the allegations of the cross-bill fail to show such pressing emergency, and the existence of such circumstances as to render an immediate appointment without notice necessary for the protection of the rights of defendant; and the second assignment complains that the allegations of the cross-bill were not sufficient to warrant or authorize the appointment of a receiver, without notice, under article 1465, Revised Statutes 1895, because it is not shown in the cross-bill that the property therein described is in danger of being lost, removed, or materially injured. We are of the opinion that both assignments should be sustained. The principles applying in cases of this character are fully discussed in an opinion delivered by Associate Justice Reese of this court in Haywood v. Scarborough, 41 Tex. Civ. App. 443, 92 S. W. 815, and by Chief Justice Fisher of the Austin Court of Civil Appeals in Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 342, and these cases justify us in the conclusion that the matters alleged in the cross-bill do not show such pressing emergency or that the property in question is in such danger of being lost, removed, or materially injured as to justify the district judge in appointing a receiver without notice to the adverse party.

The judgment of the court below appointing the receiver is reversed, and the order appointing the receiver is vacated.