### CHAMP v. WILSON. (No. 8843.)

(Court of Civil Appeals of Texas. Dallas. July 1, 1922. Rehearing Denied Oct. 14, 1922.)

1. Appeal and error ⬅️745—Statute regulating filing of assignments of error not applicable to appeal from order refusing to vacate order appointing receiver.

An appeal, under authority of Vernon's Ann. Civ. St. Supp. 1918, art. 2079a, from interlocutory order overruling motion to vacate an order appointing a receiver, must be presented on the petition and order of appointment, so that Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, regulating the filing of assignments of error, does not apply.

2. Receivers ⬅️32—Appointment held not authorized by allegations of petition.

An appointment of a receiver under Vernon's Sayles' Ann. Civ. St. 1914, art. 2128, is not authorized by a petition, which, even if showing an action between persons jointly interested in the property, does not show that it was in danger of being lost, removed, or materially injured, or that the parties could not or would not arrange the matters, or that there was some abuse of complainant's rights, or facts showing fraud or mismanagement or violation of duties by a person jointly interested against whom relief was sought.

3. Receivers ⬅️35(1)—For appointment without notice petition must show pressing emergency.

For appointment without notice of a receiver under Vernon's Sayles' Ann. Civ. St. 1914, art. 2128, the petition must show a pressing emergency and existence of such circumstances as renders such an immediate appointment necessary for protection of petitioner's rights.

4. Pleading ⬅️106(2)—Plea of pendency of other suit must allege facts and not mere conclusions.

Plea in abatement, based on pendency of another suit involving the same subject-matter between the same parties, but consisting only of general allegations, and not allegations of facts showing the matters involved in the two suits are the same, may be properly overruled.

5. Executors and administrators ⬅️29(2)—Judgment appointing administrator not subject to collateral attack for vice in proceeding not apparent on record.

A probate court having general jurisdiction in probate matters, its judgment appointing an administrator may not be collaterally attacked, on a claimed vice in the proceedings not apparent on the record.

Appeal from District Court, Limestone County; A. M. Blackman, Judge.

Action by F. R. Wilson, administrator, against J. M. Champ and others. From an interlocutory judgment refusing motion of the named defendant to vacate an order appointing a receiver, said defendant appeals. Reversed and remanded, with instructions.

Gillis A. Johnson and Rhinehart E. Rower, both of Fort Worth, for appellant.

Allday, Allday & Dale, of Mexia, and C. S. Bradley, of Groesbeck, for appellee.

VAUGHAN, J. This is an appeal from an interlocutory judgment refusing motion to vacate order made by the district judge of Limestone county, ex parte, appointing a receiver over certain personal property located in Mexia, Limestone county, Tex. F. R. Wilson, as administrator of the estate of R. E. Hensley, deceased, sued J. M. Champ, James Byrne, W. L. Loper, and Tipp Eads in said district court for possession of certain personal property, or, in the alternative, for such portion thereof to which he might show himself entitled, and prayed for a receiver.

Following are the material allegations contained in the petition on which said appointment was made:

"That heretofore, to wit, about the 1st of September, 1921, the said R. E. Hensley, now

deceased, and defendant J. M. Champ formed and entered into a partnership for the purpose of engaging in and carrying on a certain garage and hotel business in the city of Mexia, Limestone county, Tex., and thereafter as such partners carried on and conducted said business until the dissolution of said partnership, as hereinafter more fully appears, during all of which time they were partners as aforesaid, engaged in and were carrying on and conducting each of said businesses at the place aforesaid.

"That said R. E. Hensley, now deceased, and defendant J. M. Champ evidenced their partnership agreement by an instrument in writing, duly signed by them, but plaintiff has not a copy of same, and no copy is available or obtainable by him, and at present he is unable to procure a copy thereof, and cannot more fully state the terms and condition thereof than that, in substance and effect, it was and is therein provided that either of said partners, upon the failure, neglect, or refusal of the other partner to do and perform his part of said contract agreement, and to pay into the partnership his one-half of the expense of establishing said business and purchasing the equipment, furniture, fixtures, tools, etc., necessary to establish and carry on said business; that the other partner should have the right thereupon to tender to such defaulting partner the amount of money so advanced and paid in by such defaulting partner, and thereupon dissolve said partnership; that the defendant, J. M. Champ, paid into said partnership under such contract and agreement the sum of $500, and no more, and thereafter failed, neglected, and refused to pay in any further sum, although a large sum of money, exceeding $7,000, was incurred by the partnership, and thereafter paid by the said Hensley after having called upon the defendant, Champ, to pay his portion of same, and after he had so failed, neglected, and refused to do so, whereupon said Hensley exercised his right and option under the contract to and did declare said partnership dissolved and terminated, and thereupon tendered defendant, Champ, the said sum of $500 so paid in by him, and thereupon said partnership was terminated and dissolved, and since said time has not existed as a partnership, which said dissolution occurred on, to wit, about the 1st of December, 1921.

"That, to wit, on March 6, 1922, the said R. E. Hensley departed this life, then and there being a resident of and located in Limestone county, Tex., and thereafter this plaintiff was duly appointed and qualified as temporary administrator of his estate as aforesaid, and in such order of appointment he was and is authorized, directed, and required, among other things, to take possession of all of the estate of the said Hensley, deceased, and to that end was and is authorized, directed, and empowered to institute and prosecute this suit for said purposes.

"That the property and effects of the said hotel and garage business, as aforesaid, consists now of certain personal property and leases on real estate situated and located in Mexia, in Limestone county, Tex., consisting, in general terms, of all of the household effects and furniture in the Kirby Hotel in Mexia, consisting of the furnishings of 37 rooms and office, including beds, bedding, bedsteads, dressers, bureaus, cover, linen, tables, washbasins and all such other furniture and effects as are usually contained in a first-class rooming house, which is of the probable value of $8,000; and said garage business consists of the shop equipment, tools, and appliances incident to the garage business, office fixtures, furniture, merchandise, and stock, and such other effects of like kind and character as are usually carried on and contained in stock of such garage business, which is of the probable value of $10,000.

"That in addition to the personal property and effects mentioned and described in the last preceding paragraph, there are certain accounts due and owing by customers of said business, most of which are now due, and all of which plaintiff has been authorized, directed, and empowered by his order of appointment to collect, and which amount in the aggregate to and are of the probable value of $4,800.

"That said partnership before the dissolution thereof, as aforesaid, owned and held two separate leases, one embracing the Kirby Hotel, being the second floor of the building mentioned, and the other embracing the lower floor of the same building, which is used for said garage business, which leases were and are dated about September 1, 1921, the exact date of which plaintiff at this time is unable to give, and which leases were and are to continue for a term of five years from their dates, and for which a monthly rental was to be paid, amounting to the sum of $500 each, for and during said five-year term; that the rental upon and for said leases, has been paid up to and including March, 1922; that said rental is due and payable by the terms of said leases monthly in advance, and the rental therefor, covering the month of April, 1922, has not been paid, and is now past due and wholly unpaid; that said rental contracts provide, authorize, and empower the lessors therein, upon the failure, neglect or refusal of the lessees to pay such monthly rental in advance to forfeit and terminate said lease, or at their option to declare the rental for the entire unexpired term thereof due and to collect same, as provided by law.

"That plaintiff, as such administrator, is the owner and entitled, as he is informed, advised, and believes, and upon such information, advice, and belief charges, to all of said property and leasehold estate, and brings and prosecutes this suit as such administrator to recover the same from all of the defendants.

"That the defendant, J. M. Champ, claims to be the owner and entitled to the possession of a part and parcel of said property, the exact amount and the exact nature, character, and extent of his claim thereto are all unknown to this plaintiff.

"That the defendants Loper and Eades are in possession of the keys to the doors of the building aforesaid, and are claiming some right, title, or interest in and to said property, or some part thereof, and the right to occupy, hold, and possess same under and in virtue of some claim, the nature, character, and extent of which are to plaintiff unknown, but plaintiff here alleges that all of the claims, rights, if any, etc., of each and all of the defendants,

if they own, hold, possess any such right or claims, are inferior, subject, and subordinate to the rights of this plaintiff to the title, possession, and ownership of all of said property.

"That said business consists and heretofore has consisted of an ordinary rooming house hotel business, consisting of an office and 37 rooms as aforesaid, and that same has been continuously run and operated for many months at a profit, and was and is a profitable business, and likewise said business consists of a good garage business, consisting of the storing, repairing, and keeping for hire of automobiles and other motor cars, and the furnishing and selling of parts and equipment therefor and repairs thereto, which has been and is a large and profitable business, requiring the employment of a number of employees, and that each branch of said business consists largely in the good will and patronage of the public therein; that for the immediate present each branch of said business is practically suspended and largely hampered on account of the fact that the title and possession thereof is in dispute among the parties hereto, and that it is of the utmost importance to the successful carrying on and operation of said business that the same be operated by some one under undisputed right to do so, to the end that the public may continue to have confidence in said business, and know and understand that said business will be carried on continuously and regularly, and to that end in order that said business may be so carried on it is of the utmost importance and imperative that this court immediately appoint a receiver to take charge and possession of said property and carry on and operate said business, and continue to serve the public and maintain the good will of the public and the good name and character of said business in order that same may be and continue successful as a business as heretofore."

J. M. Champ, James Bryne, W. L. Loper, and Tipp Eads were named in said petition as defendants. Said petition was presented to and acted on by the judge of said court, in chambers, on the 21st day of April, 1922. One Harry S. Moss was appointed receiver and took oath and made bond, which was duly approved on that date. On the 24th day of April, 1922, the defendants Loper and Eads filed a disclaimer disclaiming "all right, title, and claim in and to all of the property, funds, and assets sued for by the plaintiff described in his petition."

On the same day J. M. Champ filed a motion to vacate and set aside the order appointing said receiver. This motion did not contain any general denial or answer to the merits of the petition or application. It contained two pleas in abatement, duly verified. One setting up that another suit was pending, involving the same parties and the same issues in the district court of Tarrant county, Tex., and the same setting out want of capacity of the plaintiff to sue and recover as administrator. The motion then set out a general demurrer and a number of special exceptions directed to the sufficiency of the application for receiver, upon which the court had granted a receiver ex parte. These special exceptions in brief attacked the application on the grounds that it did not allege or show that the property upon which a receivership was sought was in danger of being lost, removed, or materially injured, as required by article 2128 of the Revised Civil Statutes, and because it was not alleged that the defendants were insolvent, or were stealing, converting, injuring, or damaging the property, or that they were about to do so; because it did not show that an adequate remedy at law did not exist; because no such emergency or necessity for haste was shown as would warrant the judge in granting the application ex parte and without notice to the defendant; because it did not appear that plaintiff had any probable interest in the property; because the allegations were not made as of facts, but were conclusions of the pleader, and made in the alternative, and were contradictory, and the allegations of plaintiff's ownership were made on information and belief without facts to support said belief; and because the application was sworn to on belief of the facts alleged on information and belief.

[1] Appellee by motion filed in this court objects to appellant's assignments of error being considered, and moves that same be stricken from the record "because same were not filed in the trial court and are not contained in the transcript as provided by law." This motion cannot be sustained. The receiver was appointed without notice to appellant, and motion to vacate the order making said appointment was duly filed by appellant, and an interlocutory order was entered, overruling said motion. This appeal is from said order.

Under Act of March 30, 1917, c. 168, § 1, now article 2079a, Vernon's Sayles' Civil and Criminal Statutes 1918, Supplement, authorizing this appeal, it is made necessary that same be presented upon the petition and order of appointment. Haywood v. Scarborough et al., 41 Tex. Civ. App. 443, 92 S. W. 815. Therefore article 1612, Vernon's Sayles' Tex. Civ. Statutes 1914, regulating the filing of assignments of error, does not apply to appeals prosecuted under said article 2079a.

[2] Appellee applied for and obtained the appointment of receiver under the following provisions of article 2128, Vernon's Sayles' Texas Civil Statutes 1914, to wit:

"Receivers may be appointed by any judge of a court of competent jurisdiction in this state, in the following cases: * * * between partners or others jointly owning or interested in any property or fund, on the application of a plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

The petition fails to allege the existence of a partnership, or that the property is in danger of being lost, removed, or materially injured. Said petition, at most, only alleges that once there existed a copartnership between R. E. Hensley, deceased, and appellant J. M. Champ; that same had been terminated by the said Hensley during his lifetime, and, if not then, that same was terminated at his death. Neither of the parties named in the petition as defendants were alleged to be in possession of the property; the possession of the property so far as the petition is concerned being entirely a matter of inference.

It was alleged that Loper and Eads were in possession of the keys to the doors of the building in which the property for which receiver was appointed was located, and, further, that they were claiming some right, title, or interest in and to said property. The possession of the keys is not equivalent to possession of the property, for, as owner of the property, appellee, under the facts alleged by him, had the right to obtain actual possession by forcing, if need be, an entrance into said building, provided same could be accomplished without a breach of the peace.

Appellee alleged title to and ownership of the property and right to the possession thereof. Conceding this to be true, the other allegations of his petition do not disclose the existence of facts authorizing the appointment of a receiver; in fact, would not support sequestration proceedings, which would have furnished appellee all necessary relief, even if it had been alleged that the adverse parties, or some one of them, were in possession of the property sued for. In uncertain terms it is alleged that the existence of a partnership may be determined against the allegations that the partnership theretofore existing had been dissolved. Conceding such allegations sufficient to allege the existence of a partnership between Hensley and Champ at the time of Hensley's death, said petition fails to show that the parties cannot or will not arrange matters in controversy, themselves, necessary for a complete accounting and settlement of the affairs of said copartnership, and further fails to show that there is some abuse of partnership rights and property, or that Champ had been guilty of some fraud or mismanagement or violation of partnership duties showing the necessity for the granting of the relief sought, to wit, the appointment of a receiver in order to protect the rights of the partners in the partnership property. Even if the petition alleged facts showing an action between persons jointly interested in the property for which receiver was appointed, same failed to show that the property was in danger of being lost, removed, or materially injured. Therefore, applying the rules of equity to the appointment of receivers in such cases, the trial court erred in appointing a receiver on appellee's petition, same not only failing to allege the above essential facts, but failed to allege facts showing that the owners of said property could not or would not arrange the matters in controversy themselves, or that there was some abuse of the complaining owner's rights and property or facts showing fraud or mismanagement or violation of duties by a person jointly interested in the property against whom relief was sought.

[3] This was an ex parte appointment, and we have searched the petition in vain for facts showing such a pressing emergency and the existence of such circumstances as rendered an immediate appointment of a receiver without notice necessary for the protection of the rights of appellee. Even if the petition on its face had disclosed the existence of facts authorizing on proper hearing the appointment of a receiver, same failed to show such emergency and the existence of such circumstances as would authorize the court to proceed to make the appointment without due and proper notice to the adverse party. The rules of law applicable to proceedings of this character are so well established that we are confident it is not necessary to prolong this discussion, and that it will suffice to refer to the following authorities consulted by us in reaching our conclusion: Haywood v. Scarborough et al., supra; Webb v. Allen et al., 15 Tex. Civ. App. 605, 40 S. W. 342; Grand Falls Mut. Irr. Co. v. White et al., 62 Tex. Civ. App. 182, 131 S. W. 233; Security Land Co. et al. v. South Texas Development Co. et al. (Tex. Civ. App.) 142 S. W. 1191; Sachs v. Goldberg (Tex. Civ. App.) 135 S. W. 600 (1911); Simpson v. Alexander (Tex. Civ. App.) 188 S. W. 285; Caognard v. Tarnke (Tex. Civ. App.) 202 S. W. 221; Beach on Receivers, § 134; Id., par. 123; Id., par. 5; Id., 566; Revised Civil Statutes, art. 2128; 34 Cyc. 117; Id., p. 126.

[4] The court did not err in overruling the appellee's plea in abatement based on the alleged pendency of another suit involving the same subject-matter between the same parties in Tarrant county, Tex., for, in the condition of the record, said plea consisting only of general allegations and not the allegation of facts showing that the matters involved in the litigation pending in the district court of Tarrant county were the same as involved in the instant case, the trial court had the right to accept the specific allegations contained in appellee's petition filed in the district court of Limestone county, and to act upon same in reaching his conclusion on said plea to the exclusion of the general allegations contained therein. Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422, par. 7. To sustain a plea of pendency of another suit it is essential that, not only the parties, but the causes of action, must be substantially the same, such facts to be

established by the litigant asserting the existence of same. 1 Corpus Juris, p. 61, § 90, and authorities there cited.

[5] As to appellant's other plea in abatement, to wit, the want of legal capacity on the part of appellee to sue, in that at the time the probate court of Limestone county attempted to appoint the said F. R. Wilson administrator of the estate of R. E. Hensley, deceased, "the said F. R. Wilson had bought out the interest of R. E. Hensley's surviving widow, and was the assignee of all of her said interests as the only claimant to the estate of R. E. Hensley, deceased, and that the personal property in Limestone county, or an interest therein, was all the property that R. E. Hensley, deceased, left," constituted a collateral attack upon the judgment of said court appointing said Wilson administrator. Said court being a court of general jurisdiction as to probate matters, and the vice alleged in said proceeding not being apparent upon the record, said judgment was not subject to be impeached by such collateral attack.

By reason of the error, first in appointing a receiver without notice, and, second, the appointment of a receiver not being authorized by the allegations contained in the petition, the judgment of the court below is reversed and cause remanded, with instructions that the order appointing Harry S. Moss receiver be vacated.

Reversed and remanded, with instructions.