**WHITE STAR, Inc., v. ENGLISH. (No. 9805.)**

(Court of Civil Appeals of Texas. Dallas. June 19, 1926.)

**I. Corporations ⬦⇒557(2).**

Stockholder's petition for appointment of receiver because of corporation's alleged insolvency and mismanagement of its affairs *held* insufficient to authorize appointment of receiver.

**2. Receivers ⬦⇒35(I)—In absence of allegation showing necessity for haste, appointment of receiver for corporation on ex parte hearing was error.**

In absence of allegation that petitioner would suffer serious loss if short time necessary to give corporation notice and hearing on petition for appointment of receiver was used, appointment of receiver on ex parte hearing was not justified.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by R. E. English against W. S. Baker, and others. From an order appointing a receiver of its property without notice or hearing, defendant, White Star, Inc., appeals. Reversed and rendered.

W. L. Curtis, of Dallas, for appellant.
Lewis T. Carpenter, of Dallas, for appellee.

JONES, C. J. This is an appeal by appellant, White Star, Inc., on an order of the district court of Dallas county appointing a receiver of its property without notice or hearing on the application of R. E. English, appellee. The petition for a receivership also included in its allegations certain property alleged to be owned by W. S. Baker, but standing in the name of his wife, Mary D. Baker, to whom it was alleged it was fraudulently transferred, and they were made parties defendant in the suit filed; and the receivership included this latter property. The Bakers have not appealed from the judgment, and the term "appellant" will refer to White Star, Inc.

No motion was made by appellant to vacate the receivership, and it made no appearance in the lower court, except to give notice of appeal, and to have the court to fix the amount of a supersedeas bond, which was given. The record, therefore, consists of the verified petition filed by appellee in his suit for a receiver, and the orders of the court as above stated.

It appears from said petition that appellee was induced by said W. S. Baker to buy 30 shares of stock in the appellant company on the representation by Baker that said company was in good condition, and that the stock would pay a regular dividend of from 25 to 30 per cent., and that he (Baker) would guarantee appellee against any loss on account of such purchase; that these representations were false, and known by Baker to be false; that appellee believed said representations, and was induced thereby to purchase and pay for said stock. It appears that this agreement was made in March, 1924, but that the stock was not delivered until later; 25 shares were delivered in April, 1925, and the remaining 5 shares in the following October.

It is made to appear from said petition that, at the time the purchase was made and the stock delivered, appellant was in a failing condition, if not actually insolvent; that appellant was engaged in operating a steam laundry in the city of Dallas, and had an authorized capital stock of $32,000; that of this capital stock $22,000 had been issued, and of this issuance a bonus of $2,500 of said stock had been given to J. M. Higanbothan for a loan to appellant of $5,000, and that $1,000 of said stock had been given to John H. Awtry for alleged services to appellant; that the issuance of said stock for said purposes was not authorized by the board of directors, was unlawful, and a fraud upon the other stockholders of appellant; that during the period from December 21, 1924, to June 30, 1925, appellant lost the sum of $13,368.58, and that the net worth of appellant on said latter date was only the sum of $11,956.88; that on said date a deficit of $18,293.12 existed, which condition was caused by the gross mismanagement of the said Baker and appellant;

---

that said business was being operated at a loss; and that plaintiff had thereby suffered, and would continue to suffer, an irreparable loss against which he had no adequate remedy at law.

The connection of W. S. Baker with appellant does not appear from the petition other than inferences that might be drawn from the above allegations. The officers and directors of appellant are not made known by said petition. There are other allegations in the petition in reference to defendant Baker which state a cause of action against him for the amount of damages prayed for, as well as allegations in reference to the alleged fraudulent transfer of his property to his said wife. As to whether these allegations in reference to the Bakers are sufficient to sustain the ex parte receivership as to them, we are not called upon to pass, because they are not before this court. The prayer in reference to appellant is for the appointment of a receiver to take charge of appellant's business and operate same under the direction of the court, and that upon final trial of the case appellee have judgment directing the receiver to sell appellant's property, and that the proceeds of such sale be paid to all creditors in proportion to their debts, and that the remainder, if any, be divided ratably among the stockholders of said corporation. The court, at once, acted on this petition, appointed a receiver, fixed his bond, and the receiver had duly qualified at the time this appeal was perfected.

[1] Appellee, in his prayer, also asked for judgment for his damages against appellant, as well as the other defendants in said suit. The allegations in the petition, however, do not state any grounds on which a judgment for the damages prayed for could be assessed against appellant. The suit, therefore, in so far as it concerns appellant, is a suit for the appointment of a receiver of appellant's business, and property, because of appellant's alleged insolvency and the mismanagement of its corporate affairs. This does not state sufficient grounds to authorize the appointment of a receiver. People's Investment Co. v. Crawford et al. (Tex. Civ. App.) 45 S. W. 738; Floore v. Morgan (Tex. Civ. App.) 175 S. W. 737; Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939.

[2] The petition does not allege any ground that, under the settled rule of practice in this state in reference to the appointment of receivers, would permit the court to appoint a receiver without notice to the defendant. There is no allegation that appellee would suffer serious loss, if the short time necessary therefor was used in giving appellant notice and hearing. Appellant was doing business in the city of Dallas, where the suit was filed, and where appellee resided. It was error to adjudicate appellant's rights to retain and control its property in this ex parte manner. Hodges Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548; Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 342; Haywood v. Scarborough, 41 Tex. Civ. App. 443, 92 S. W. 815; Sachs v. Golberg (Tex. Civ. App.) 135 S. W. 600; Security Land Co. v. Development Co. (Tex. Civ. App.) 142 S. W. 1191; Champ v. Wilson (Tex. Civ. App.) 244 S. W. 260.

Appellee's petition failing to show any grounds for the appointment of a receiver, and failing to allege any cause of action for damages against appellant, it is our opinion that the order appointing a receiver as to appellant should be reversed and here rendered by vacating such order.

Reversed and rendered.