**ZANES et al. v. LYONS et al.**

**SOUTHWEST FREIGHT AGENCY et al. v. LYONS et al.**

**Nos. 10964, 10968.**

Court of Civil Appeals of Texas. Dallas.

Feb. 14, 1931.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellants.

Thompson, Knight, Baker & Harris, of Dallas, for appellees.

JONES, C. J.

This is an appeal from an interlocutory order appointing a receiver, entered by a district court of Dallas county, upon an ex parte hearing. Appellee Mrs. Effie C. Lyons filed a suit in a district court of Dallas county, in which she sought to recover damages because of an alleged breach of a lease contract, alleging that the past-due rental under such contract amounted to $9,900, and in which other relief was sought. The petition named F. A. Gillette, F. M. Gillette, and V. M. Gillette, individually and as partners doing business under the trade-name of Nichols-Gillette Transfer & Warehouse Company, the wives of each of the individual defendants, the Nichols-Gillette Transfer & Warehouse Company, a corporation, W. R. Zanes, Seth Tate, T. R. Rogers, Walter Bockstahler, Electric Freight Agency, a corporation, and Southwest Freight Company, a corporation. The other appellee is the receiver, and the term appellee will refer to Mrs. Lyons.

The immediate appointment of a receiver, to be given very full powers in reference to the property of each of the defendants, was a part of the relief sought. The petition was presented to the judge of the district court and an order entered the same day of the filing of the petition appointing a receiver, with powers substantially as prayed for in the petition. Appellants W. R. Zanes and the Electric Freight Agency duly perfected an appeal from this order, and such appeal is docketed as cause No. 10964, and given the style as shown above. Later, appellants Southwest Freight Company, under its true name of Southwest Freight Agency, T. R. Rogers, and Walter Bockstahler perfected an appeal to this court, and it is docketed as cause No. 10968 and styled as shown above. The two appeals are from the same order and by codefendants in the suit filed by appellee, and will be treated in this opinion as though there were but one appeal. The term appellants will refer to the appellants in both of said causes.

The lease contract, which forms the basis of this suit, was entered into between appellee, as owner of a six-story warehouse building, located in the city of Dallas, and the Nichols-Gillette Transfer & Warehouse Company, a copartnership composed of F. A. Gillette, F. M. Gillette, and V. M. Gillette, as lessees. The lease was for a period of five years, beginning January 1, 1928. Under the terms of this lease, the building was to be occupied by the lessees as a warehouse and storage building, for their offices, and not otherwise. The consideration for the lease is named at $66,000, to be paid monthly in advance, the monthly installment·being $1,100 with a provision that, if the lessees should default as to a compliance with any of the covenants mentioned in said lease, one being a prompt monthly payment in advance, the lessor could enforce the performance of the contract "in any mode or modes provided by law, and with or without declaring the lease forfeited, and with or without notice or demand, and with or without using force, may re-enter upon and resume possession of the demised premises and remove any and all persons and property therefrom without being deemed guilty of any manner of trespass or becoming in any wise liable· for damages, without prejudice to any remedy she may have or arrears of rent or damage." The power to sublease was not conferred by the contract.

The allegations in reference to the responsibility of appellants under this contract are very lengthy, and we do not deem it necessary, for the disposition we shall make of this case, to give their legal effect, except to say that they are believed to be sufficient, as against a general demurrer, to form a basis for a final judgment in appellee's favor. Neither do we find it necessary to pass upon the sufficiency of the pleadings in reference to the existence of such extreme necessity as would warrant a court in appointing a receiver, without notice to these appellants, to take charge of their properties, for the reason that the case must be reversed on other grounds and such question cannot arise on a subsequent trial.

The petition for a receiver is signed by counsel as attorneys for appellee. The only verification it has is: "W. C. Chisum, Jr., being sworn, says on oath that he is the agent of Effie C. Lyons, complainant in the above styled suit, and has been authorized by said complainant to make this affidavit; that he has read the foregoing bill of complainant and that the allegations of fact therein made are true to the best of his knowledge, information and belief." It is signed by affiant and sworn to before a notary public.

The order of the court appointing a receiver contains the following: (1) "The petition of plaintiff, praying for the appointment of a· receiver herein, and the proof supporting same, to wit, the verified pleadings of the parties, together with the statement of counsel presenting same, being this day presented to the court are duly considered, and it appearing that an immediate appointment of a receiver is necessary," etc.

■ Of course, the unsworn statement of an attorney made to the judge to whom the petition was presented could not be considered by such judge as evidence, and hence the only evidence before the court, as to the truth of the allegations in reference to the necessity for the immediate appointment of a receiver, without notice to the affected parties, is the petition itself, verified only on the best of the knowledge, information, and belief of an agent.

· [2] The appointment of a receiver, by an interlocutory order, with powers to take charge of the property and business of another, is generally conceded to be the most drastic of all the extraordinary remedies authorized by law, even when the power to do so is not exercised until after notice and hearing. When a receiver is appointed by an interlocutory order, in advance of a hearing, its drastic effect is materially accentuated; and when, as in the instant case, the interlocutory order is entered without notice to the parties adversely interested, and on an ex parte hearing, the utmost limit to the allowance of drastic and extraordinary remedies has been reached by courts. Such exercise of power, where· the adverse parties can readily be served with notice, as in the instant case, can only be justified in extreme cases, in which it is made clearly to appear that there is such imminent and pressing danger of loss to the extent that the purpose for which a receiver is asked would be frustrated by the elapse of the few days' delay incident to the giving of notice of the application. Delcambre v. Murphy (Tex. Civ. App.) 5 S.W.(2d) 789; Hodges Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548; Security Land Co. v. South Texas Development Co. (Tex. Civ. App.) 142 S. W. 1191; Haywood v. Scarborough, 41 Tex. Civ. App. 443, 92 S. W. 815; Cotton v. Rand (Tex. Civ. App.) 92 S. W. 266; Sachs v. Goldberg (Tex. Civ. App.) 135 S. W. 600; Butts v. Davis (Tex. Civ. App.) 146 S. W. 1015; Simpson v. Alexander (Tex. Civ. App.) 188 S. W. 285; Kottwitz v. Jehn (Tex. Civ. App.) 6 S.W.(2d) 209.

■ Because of the drastic nature of the remedy ·of an ex parte receivership, it is generally held that, if the facts in the petition disclose that the applicant can be made secure and the impending loss averted by the issuance of a temporary writ of injunction, which will not take from the possession of the adverse parties their property or stop them in the operation of their business, a receiver will not be appointed on an ex parte hearing.

In the instant case, it appears from the allegations of the petition, that any danger of loss to appellees, by reason of a delay in issuing notice, could have been guarded against by the issuance of a temporary writ of injunction restraining appellants from, in any manner, disposing of the property involved in this suit until a hearing on the receivership application could be had.

The receivership proceedings, in the instant case, are doubtless brought under the provisions of subdivision 1, art. 2293, R. S. 1925, and the right to such receivership is determined by such statutory provisions, rather than by the rules of equity in respect thereto. While this is true, yet the procedure to be followed, even in securing the appointment of a receiver on grounds specifically authorized by statute, the rules of equity will control. Article 2319, R. S. 1925. Under such rules no receiver can be appointed without the necessity therefor be shown to exist by legal evidence. The necessity for a receiver must appear in the petition by clear and unambiguous allegations of fact. When such allegations appear in such a petition and are verified by the oath of a person that they are true within his knowledge, such verified petition may be received by the court as competent evidence establishing the truth of such facts, when the judge of such court is called upon to appoint a receiver ex parte. When a receiver is appointed on an ex parte hearing, the petition must also, by clear and unambiguous allegations, show facts which evidence an immediate and pressing necessity for such appointment.

There is no such verification of the petition in the instant case. The facts alleged therein are attempted to be verified by one W. C. Chisum, Jr., as agent of appellee; he does not depose that the allegations of fact contained in the petition are within his knowledge true, but only that "such allegations are true to the best of his knowledge, information and belief." Such verification does not give to the facts alleged in the petition the dignity of evidence under any rule obtaining in respect to the reception of evidence. Suppose that in a suit a deposition has been taken and the witness qualifies an important answer to a question, calling for the statement of a fact, with the statement that the answer given is true "to the best of his knowledge, information and belief," such an answer would be stricken from the deposition on proper objection being made. In the instant case, the court appointed a receiver to take charge of certain properties used in the business of appellants, without any legal evidence as to the truth of the allegations on which the court based such action. This was error. Alto Cotton Oil & Mfg. Co. v. Berryman (Tex. Civ.

App.) 218 S. W. 513; Lane v. Jones (Tex. Civ. App.) 167 S. W. 177; Ginther v. De Zabalgoitio et al. (Tex. Civ. App.) 170 S. W. 793; Pullen v. Baker, 41 Tex. 419; New South Bldg., etc., Ass'n v. Willingham, 93 Ga. 218, 18 S. E. 435; Grandin v. La Bar, 2 N. D. 206, 50 N. W. 151; Henderson v. Reynolds, 168 Ind. 522, 81 N. E. 494, 11 L. R. A. (N. S.) 960, 11 Ann. Cas. 977, and authorities cited in note to this decision page 980.

It necessarily follows that the order appointing a receiver, in so far as such order affects the appellants herein, must be reversed and remanded. The receivership, in so far as it affects other parties who have not appealed, is not disturbed.

Reversed and remanded.