## MYERSCOUGH et al. v. GARRETT.

### No. 1219.

Court of Civil Appeals of Texas. Waco.

Jan. 28, 1932.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellants.

Frazier & Averitte and Collins & Martin, all of Hillsboro, for appellee.

ALEXANDER, J.

This is an appeal by J. M. Myerscough and John F. Merrick from an interlocutory order entered by the district court in Hill county appointing a receiver to take charge of certain oil leases and personal property in connection therewith in Rusk county on the ex parte application of Chas. A. Garrett. The appointment was made without notice to the defendants. The plaintiff in his original application for a receiver alleged in substance that he was the owner of certain undivided interest in certain oil leases in Rusk county, he having purchased same from the defendants, and in the alternative he alleged that he had a lien on said property to secure cer-

tain indebtedness due him by the defendants. The petition then alleged as follows:

"Plaintiff further alleges the said Joseph Myerscough and John F. Merrick have failed and refused and still refuse to recognize the rights of this plaintiff in any manner whatever in the management and control of the said lease premises; and he further alleges at this time that there is an oil well upon each of said leases, and that there is being mined and sold from the said leases the said oil; and that the defendants and each of them refuse to recognize plaintiff's rights to participate in the management and sale of the said oils that are received from the said wells or to permit him to direct the disposition of his interest in the said wells. He further alleges that the defendants have heretofore wasted and destroyed and removed from the said premises and the said wells certain oils produced thereon and have made no accounting to this plaintiff for the same, and also they have removed properties belonging to the leases and a part of the same without the knowledge or consent of plaintiff and against his wishes and against his interest. He further alleges that the defendants are at this time wasting and dissipating the oils and properties upon the said leases which at this time belong to plaintiff. Plaintiff alleges that the property consists of the producing wells upon the said leases, together with the said leases and buildings and equipment of various and sundry kinds, a better description of which he is not able to give; and that the reasonable value of the said property, including all the leases and the wells and the properties upon the leased premises, is $50,000.00; and that the interest owned, held and claimed by plaintiff herein is of the reasonable value of $20,000.00; and that his interest in the same is being ignored and disregarded, and that he is thereby being damaged, and that he will continue to suffer such damages and injuries unless and until a receiver is appointed and placed in charge of the property to manage and control the one-sixth interest owned by this plaintiff in the Thompson well and the 43/96 interest in the Thompson well and lease and the 14/32 interest in the Cooper well and lease, all of which this plaintiff here and now alleges the legal title of which is in him, and that the damages which plaintiff will sustain or suffer will be irreparable loss to him; and the conditions of the property at this time are such as to necessitate and require the immediate appointment of a receiver, for the reason plaintiff will continue to suffer irreparable loss if such appointment be delayed until notice to defendants and a full hearing may be had."

The appellants, defendants below, here contend that the petition does not al-

lege facts showing such an immediate and pressing necessity for the appointment of a receiver as to authorize such appointment without notice to them. In passing on the validity of the order appointing the receiver, we are confined to the facts alleged in the petition, as no facts, other than those alleged in the petition, could be properly established, or, if proven, relied upon as grounds for granting the receivership. Delcambre v. Murphy (Tex. Civ. App.) 5 S.W. (2d) 790, 791. As a general rule in order to entitle a plaintiff to the appointment of a receiver upon an ex parte hearing, the petition must not only allege facts sufficient to authorize the appointment of a receiver by an interlocutory order prior to a hearing on the merits, but must go further and show that there is no other remedy which will protect the plaintiff and that there is such a pressing necessity for haste in making the appointment that the plaintiff will likely suffer irreparable loss if the appointment is delayed until notice can be given the defendants and a full hearing had. The plaintiff must allege, not conclusions, but facts showing affirmatively and clearly, not only the irreparable injury that will be sustained, but the pressing necessity which renders it dangerous to delay until the defendants can be notified. Receivership proceedings are always harsh, and ex parte proceedings are dangerous. Such proceedings run counter to the well-grounded principle that every man is entitled to a hearing in court before being disturbed in the possession of his property. The defendants in this case were in possession of the property, and are presumed to be rightly in possession thereof until the contrary is established by legal evidence. In the case of Delcambre v. Murphy (Tex. Civ. App.) 5 S.W.(2d) 789, at page 791, it is said:

"Of all the extraordinary remedies authorized by law, the appointment of a receiver is the most drastic and far-reaching in its effect. In a large majority of the cases in which a receiver is appointed, the merits of the controversy have not been adjudicated. Nevertheless the adverse party is called upon to surrender, not only the possession of the property involved to another, but to yield to a stranger to his property rights the right to control, manage, and direct the business affairs with which such property may be associated. No harsher ancillary proceeding could be devised; therefore trial judges, with whom the law has clothed this extraordinary power, should, with extreme care, caution, and thoughtful investigation, judiciously exercised, arrived at a conclusion on an application for the appointment of a receiver, to the end that the harshness of the remedy may be ameliorated. Especially should this be the case when the appointment is sought without notice to the opposing interest and on ex parte hearing of such ap-

plication. It is only where the rights of the complaining party seeking this extraordinary relief are probable (that is, clear and certain from the allegations constituting the cause of action in support of which the receivership is sought, and that, for the immediate protection of such rights, it is imperative that a receiver should at once be appointed), that a court is justified in appointing a receiver on ex parte hearing."

See, also, 23 R. C. L. 38; Security Land Co. v. South Texas Development Co. (Tex. Civ. App.) 142 S. W. 1191, 1194; Haywood v. Scarborough, 41 Tex. Civ. App. 443, 92 S. W. 815; Hodges Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548, par. 5; Amason v. Harrigan (Tex. Civ. App.) 288 S. W. 566, par. 9; Simpson v. Alexander (Tex. Civ. App.) 188 S. W. 285; Gibbons Mfg. Co. v. Milan (Tex. Civ. App.) 17 S.W.(2d) 844; Arnold v. Meyer (Tex. Civ. App.) 198 S. W. 602; Zanes v. Lyons (Tex. Civ. App.) 36 S.W.(2d) 544; Adams v. Woodall (Tex. Civ. App.) 289 S. W. 728; White Star Ins. v. English (Tex. Civ. App.) 286 S. W. 255; Sunshine Consol. Oil Co. v. Prechel (Tex. Civ. App.) 268 S. W. 1051; Champ v. Wilson (Tex. Civ. App.) 244 S. W. 260; Solomon v. Mathews (Tex. Civ. App.) 238 S. W. 307.

In this case the only grounds alleged by the plaintiff authorizing the appointment of a receiver are that he is the owner of the property, that there is an oil well on each of the tracts of land, and that oil is being mined and wasted or sold therefrom, and that the defendants refuse to account to plaintiff and refuse to allow plaintiff to participate in the management and disposition of such oils. Neither the amount nor value of the oil being produced and sold from the leases is alleged. In fact it was not alleged that any of such oil would be sold before notice could be given and a hearing had. The fact that oil was being mined and sold from the leases might be grounds for the appointment of a receiver by interlocutory order after notice and a hearing, but, if the plaintiff desired to secure such appointment without notice and without a hearing, it was incumbent on him to go further and account for such unusual haste by alleging such an extraordinary condition as to show that he would be materially injured in the event the appointment was delayed until a hearing was had. If the value of the oil that would be sold pending a hearing was small in comparison with the value of the property sought to be impounded by the receivership, it would not be sufficient to justify such harsh procedure. The petition does allege that irreparable loss will be sustained if the appointment of a receiver is delayed until notice is given to the defendants, but this is a conclusion of the pleader not borne out by any facts therein alleged. The defendants are alleged to reside in Smith county, and no

reason is given why they could not be brought before the court for a temporary hearing within a period of two or three days. It is not alleged that the defendants are insolvent and that they could not be made to respond in damages. Apparently a temporary injunction would have prevented a sale of the oil pending a hearing on the application for a receiver. It is alleged that other properties have been removed from said leases, but the petition does not allege the kind nor value of such other properties nor that any other personal property other than the oils mined from said leases will be sold or removed from the premises pending the hearing.

It is true that our statutes authorize the appointment of a receiver where a party owns property or an interest therein and such property is in danger of being lost, Rev. St. art. 2293, but even in such cases and especially where it is sought to have a receiver appointed without notice, the rules of equity apply. Zanes v. Lyons (Tex. Civ. App.) 36 S.W.(2d) 544; Arnold v. Meyer (Tex. Civ. App.) 198 S. W. 602.

We do not undertake to pass on the question as to whether or not the facts alleged were sufficient to justify the appointment of a temporary receiver by an interlocutory order after a hearing, but we do hold that the facts were not such as to justify the appointment of a receiver without notice.

The order appointing a receiver will be set aside, and the case remanded for further proceedings.

GALLAGHER, C. J., took no part in the disposition of this case.