## SANGER OIL & REFINING CO. v. CRISMAN.

### No. 1147.

Court of Civil Appeals of Texas. Eastland.

Oct. 7, 1932.

Davidson, Doss & McMahon, of Abilene, for appellant.

Stinson, Hair, Brooks & Duke, of Abilene, for appellee.

HICKMAN, C. J.

This is an appeal from an interlocutory order of the judge of the court below appointing a receiver on an ex parte hearing without notice to appellant. By the order of appointment, the receiver was authorized to enter upon and take possession of appellant's property. There are two reasons apparent on the face of the transcript why the receiver should not have been appointed: First, the petition alleged that, prior to the institution of the suit, appellant had made a bill of sale to all of its property to one A. N. Toncray, which bill of sale was of record in Taylor county. There were allegations that this sale was fraudulently made, but the question of whether or not same was subject to be set aside on account of fraud could be determined only in a proceeding in which Toncray was a party. The trial court could not properly appoint a receiver to take possession of, and assume control over, property of one not a party to the proceeding.

The second reason why the appointment should not have been made without notice to appellants is because appellee's petition failed to allege facts showing that there was such pressing necessity for haste that he would likely suffer irreparable loss if the appointment was delayed until notice was given the defendant and a hearing had. Such allegations are essential to authorize the appointment of a receiver without notice. Security Land Co. v. South Texas Development Co. (Tex. Civ. App.) 142 S. W. 1191; Simpson v. Alexander (Tex. Civ. App.) 188 S. W. 285; Arnold v. Meyer (Tex. Civ. App.) 198 S. W. 602; Hodges Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548; White Star, Inc., v. English (Tex. Civ. App.) 286 S. W. 255; Delcambre v. Murphy (Tex. Civ. App.) 5 S.W.(2d) 789; Zanes v. Lyons (Tex. Civ. App.) 36 S.W.(2d) 544; Myerscough v. Garrett (Tex. Civ. App.) 45 S.W.(2d) 1003; Pray-Chamberlain Producers v. Barnhill (Tex. Civ. App.) 46 S.W.(2d) 462.

The receivership is dissolved without prejudice to appellee's right to again seek the same decree upon amended pleadings.

Reversed, and receivership dissolved.