## PETROLEUM ENGINEERING SERVICE, Inc., et al. v. PEAIRS.
### No. 3001.

Court of Civil Appeals of Texas. El Paso.
July 5, 1934.

Dwight L. Simmons, James E. Henderson, and Thompson, Knight, Baker & Harris, all of Dallas, for appellants.

P. G. Peurifoy, of Dallas, for appellee.

HIGGINS, Justice.

This is an appeal from a judgment dissolving the Petroleum Engineering Service Company, a corporation, and appointing a receiver for said company. The judgment was entered upon the petition of A. M. Peairs, a stockholder owning 49 per cent. of the capital stock of the company. E. Geppelt, Jr., who also owns 49 per cent. of the stock, was joined as a party defendant. The remaining 2 per cent. of the stock is owned by R. T. Meador.

It was alleged by plaintiff the company was insolvent, or in imminent danger of insolvency, and it was expressly averred the action was based upon article 1383, R. S.

The petition sets up a claim against the company in plaintiff's favor for $283.57, but judgment upon such claim was not asked for.

### Opinion.

Article 1383, R. S., authorizes stockholders of an insolvent corporation who own 25 per cent. of its stock, or creditors of such a corporation who own 25 per cent. of its indebtedness, to institute and prosecute a suit to dissolve such corporation.

[█] The article does not authorize a stockholder or creditor to maintain a suit to dissolve a corporation upon the ground of imminent danger of insolvency. The ground of dissolution authorized by such article is insolvency. The allegation of imminency of danger of insolvency contained in the petition shows no ground for dissolution.

█ The evidence shows that the defendant corporation owes nothing except possibly the claim of the plaintiff for said sum of $283.57. The plaintiff so testified. It is plain the company's assets amount, in value, to much more than such possible claim. The court erred in finding that the company is insolvent and upon such finding ordering the dissolution of the corporation and appointing a receiver.

█ The receivership is ancillary to the main purpose and object of the suit, which was to obtain the dissolution of the corporation and distribution of its assets.

We do not regard the evidence as sufficient to show that the company is in imminent danger of insolvency, but if the evidence is sufficient to so show, the order appointing a receiver cannot, upon that ground, be sustained. This is true because the main purpose and object of the suit being not maintainable the ancillary receivership must fall with it. Fire Protection Co. v. State (Tex. Civ. App.) 59 S.W.(2d) 888; White Star, Inc., v. English (Tex. Civ. App.)

286 S. W. 255; Style v. Lantrip (Tex. Civ. App.) 171 S. W. 786.

 Subdivision 3 of article 2293 authorizes the appointment of a receiver of a corporation which is in imminent danger of insolvency, but under the authorities cited this subdivision will not authorize such appointment except as ancillary relief.

 The mandatory injunctive relief sought in the petition is also ancillary and for like reason could not properly be granted. No such relief was granted, but we refer to this phase of the petition for the purpose of disposing of all questions affecting the right of the plaintiff to any relief.

The case appears to have been fully developed. The judgment will be reversed and here rendered vacating the receivership and that plaintiff take nothing, but without prejudice to any future suit which may be brought by the plaintiff for the protection of his rights as a stockholder or creditor.

Reversed and rendered without prejudice.