### ADAMS et al. v. WOODALL.    (No. 9009.)

(Court of Civil Appeals of Texas. Galveston. Dec. 16, 1926.)

**1. Receivers ⚖══35(1)—Petition against four defendants alleging ejection of plaintiff from his land by insolvent "defendant," who was appropriating rent, did not authorize appointment of receiver without notice (Vernon's Sayles' Ann. Civ. St. 1914, art. 2128).**

Petition against four defendants, alleging plaintiff's ownership of land, ejection by "defendant," who was collecting and appropriating rents, and that a designated defendant was insolvent, *held* not to authorize appointment of receiver without notice to defendants and without hearing evidence, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2128, requir-

ing property or rents to be in danger of being lost, removed, or materially injured, to warrant appointment of receiver.

**2. Receivers ⚖══35(1)—Appointment of receiver without notice is justified only in case of pressing emergency.**

To justify appointment of receiver without notice to adverse party, facts should be disclosed showing such pressing emergency as to render immediate appointment without notice necessary for protection of plaintiff's rights.

Appeal from District Court, Wharton County; M. S. Munson, Judge.

Suit by I. Woodall against James R. Adams and others. From an order refusing a motion to dissolve and set aside an order appointing a receiver, defendants appeal. Reversed and rendered.

W. Owen Dailey, of Houston, for appellants.

H. A. Cline, of Wharton, for appellee.

LANE, J. I. Woodall filed this suit, complaining of James R. Adams and wife, Fannie May Adams, W. F. Sims, and A. L. Welch. Those paragraphs of his petition necessary to be cited for a determination of the questions presented by this appeal are as follows:

"(1) That plaintiff is the owner in fee simple, and entitled to the possession, of the hereinafter described premises, on the 1st day of June, 1926, and that on said date the defendant unlawfully entered said premises, and ejected plaintiff therefrom, and still unlawfully withholds from plaintiff the possession thereof, to plaintiff's damage in the sum of $10,000.

"(2) That the reasonable annual rental value of said premises is the sum of $5,000, and that plaintiff was and is entitled to rents and revenues from said place for the year of 1926, there being growing crops thereon at the time plaintiff acquired title thereto as aforesaid, and the value of the rents from said place for said years is the sum of $5,000.

"(3) That the defendant is collecting the rents and revenues from said land and premises, and is appropriating the same to his own use and benefit, to the great injury and damage of plaintiff, and the said James R. Adams is notoriously insolvent, and, if permitted to collect said rents, will appropriate same to his own use and benefit, and place same beyond the reach of plaintiff and of this court, and plaintiff has no adequate remedy at law.
* * *

"Wherefore plaintiff prays for citation to said defendants, and each of them, and, on a hearing that he have judgment for the title and possession of said land and premises, for his rents and damages for costs of suit, and that a receiver be appointed by this court to take immediate charge of said property and to collect the rents and revenues therefrom, and hold the same subject to the further orders of this court, pending a final hearing hereof, and for all such other and further relief, whether at

---

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

law or in equity, to which plaintiff may be entitled, and plaintiff will ever pray, etc.

"H. A. Cline, Attorney for Plaintiff.

"I do solemnly swear that I am attorney for the plaintiff in the above entitled and numbered cause, and that the facts set forth in the foregoing petition are true.

"H. A. Cline.

"Sworn to and subscribed before me by H. A. Cline, this 31st day of August, 1926.

"[Seal] L. Z. Moreland,

"Notary Public, Wharton County, Texas."

The petition and prayer for the appointment of a receiver were presented to Judge M. S. Munson, judge of the district court of Wharton county, who, sitting in chambers, on the 2d day of September, 1926, on the allegations of the petition, without notice to any of the defendants, and without evidence other than the recitals in the petition, made the following order:

"In Chambers, Angleton, Texas, Sept. 2, 1926.

"The foregoing petition having been read and fully considered, the prayer of plaintiff for appointment of a receiver is granted, and J. R. Roberts is hereby appointed receiver of said property with authority to take charge and management of same, and collect the rents and revenues therefrom, and do all things necessary and proper for the protection of said property.

"The bond of the receiver is here fixed at $5,000, and, upon the execution and approval of said bond, said receiver shall take charge of said property. M. S. Munson, Judge Twenty-Third Judicial District."

Roberts qualified as such receiver on the 7th day of September, 1926. He resigned as such receiver on the 13th day of September, 1926, and on the same day the judge appointed one S. B. Barclay as such receiver, without notice to defendants or hearing any further evidence in the cause.

On the 18th day of September Barclay executed a bond as required by the court, which was approved by the clerk of the court, but not by the judge.

On the 1st day of October, 1926, defendants filed and presented to the court, in chambers, a motion to dissolve and set aside its order appointing the receiver, the complaining parts and prayer of which are as follows:

"(1) That the plaintiff's petition is insufficient in law to give him the relief sought or to warrant the appointment of a receiver.

"(2) That said petition does not show that all of the defendants, including Fannie May Adams, W. F. Sims, and A. L. Welch are insolvent.

"(3) These defendants deny each and every allegation in plaintiff's petition contained, and, further, that they are not true in whole or in part, and of this they put themselves upon the country.

"(4) The property involved described in plaintiff's petition is the separate property of Fannie May Adams, and is not the property of I. Woodall, as alleged in plaintiff's petition, and that the said I. Woodall has no interest

whatever in said property, and that the legal title now held by the said Woodall is held in trust by him for Fannie May Adams; he having acquired said title with full notice of its character from Joe. C. Carrington, who held said title for said Fannie May Adams, who was at said time actually in the possession of said property through herself and tenants.

"(5) These defendants further show to the court that the receivership herein was not granted upon a hearing, but was granted in chambers, and was upon an ex parte affidavit of one H. A. Cline, and that no fact existed which warranted a receivership, and therefore this court should set aside said order or orders heretofore entered, and, if this be denied, then these defendants would show the court that the plaintiffs have given no bond in this case for what damages they have already done these defendants, which is causing them to lose the value of the rice now being produced and saved from premises; that the market is falling, and will continue to fall, and it will be a great loss to them if this receivership is granted, and will be a great loss to all parties should they establish an interest therein.

"(6) And this court has not approved the receiver's bond as required by law.

"Wherefore these defendants pray that the receivership therein granted be set aside to the end that this case may be tried upon its merits, and, should this be denied, then that the plaintiffs be required to give bond in a sufficient sum to protect these defendants in the amount of damage that they will probably sustain should they be successful in this litigation, or this cause be dismissed for failure to do so, and they pray for such other and further relief to which this motion may entitle them."

On the day of the filing and presentation of the motion to dissolve, the court entered an order reciting that the motion was refused, for the reason that no cause is stated therein why the receivership should be set aside. In other words, sustained a general demurrer to the motion.

From such order of refusal the defendants have appealed, and, in substance, insist that in refusing to sustain the motion the court erred for the following reasons: First, because there was no allegation in the petition of the plaintiff which would warrant the appointment of a receiver without notice to defendants, and without hearing evidence in support of such allegations; second, because the motion did state good and sufficient reasons why the receiver should not have been appointed, and therefore was not subject to the general demurrer sustained by the court; third, because the petition of the plaintiff, as stated in the motion, does not allege that all of the defendants were insolvent; fourth, because the motion shows that the receiver was appointed upon an ex parte hearing upon the petition alone, and does not show that the plaintiff had any interest in the property sued for that would entitle him to possession thereof, or to judgment therefor; and fifth, because the motion shows that the bond of

the appointed party was not approved by the judge making the appointment.

Appellants only have filed briefs in this court.

[1] We sustain appellants' first contention, and in doing so we deem a discussion and decision of the other contentions unnecessary.

The petition of the plaintiff, as shown, is one of the usual form of petitions in suits of trespass to try title, and makes four parties defendants, including James B. Adams. In setting forth his cause of action, he alleges that he is owner of the land described in the petition, and that the defendant (singular) unlawfully dispossessed him of such premises; that the rental value of the premises for the year 1926 is $5,000, to which he is entitled; that there is a growing crop of rice on such premises; that the defendant is collecting the rents from the premises and appropriating the same to his own use; that the defendant James R. Adams is insolvent, and, if permitted to appropriate such rents, plaintiff will have no adequate remedy at law and to prevent damage.

Upon such allegations he made a prayer for title and possession of the land, and for the appointment of a receiver to take immediate charge of such premises, and collect the rents due therefrom.

The statute (article 2128, Vernon's Sayles Civil Statutes 1914) authorizes the appointment of a receiver, in actions between persons claiming to own land, to protect such claimant's interest in the property and revenue arising therefrom, where it is shown that such property or revenue is in danger of being lost, removed, or materially injured. The petition does not disclose that either the land or rents in question "is in danger of being lost, removed, or materially injured". It is alleged, it is true, that, if James R. Adams should be permitted to collect the rents he would appropriate the same to his own use, and plaintiff would suffer a loss of the sum thereof, but such collection or appropriation could have been effectually prevented by the issuance of an injunction, and all danger of loss would have been prevented as well as the heavy costs incidental to a receivership.

It is clear, we think, that neither under the statute referred to, nor the general usage of equity, was there any necessity shown by the petition for the appointment of the receiver.

[2] In order to justify the appointment of the receiver without notice to the adverse party, not only must a proper case be made for the appointment, but, in addition, facts should be disclosed showing such pressing emergency and the existence of such circumstances as to render an immediate appointment without notice necessary for the protection of the rights of the adverse party. Re-ceivers should never be appointed on ex parte applications without notice, except in emergency cases. Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 342; Haywood v. Scarborough, 41 Tex. Civ. App. 443, 92 S. W. 815; Security Land Co. v. South Texas Dev. Co. (Tex. Civ. App.) 142 S. W. 1191.

If, under the allegations of the petition, it had been proper to appoint a receiver at all, clearly no such facts appear from the allegations of the petition or otherwise which justify such appointment without notice to appellants.

The order appointing the receiver is set aside and annulled, and it is ordered that the receiver be discharged and the property restored to the possession of appellants.

Reversed and rendered.