**PRAY–CHAMBERLAIN PRODUCERS, Inc., v. BARNHILL et al.**

No. 8856.

Court of Civil Appeals of Texas. San Antonio.

Jan. 27, 1932.

Rehearing Denied Feb. 24, 1932.

·Hal Browne and David Weintraub, both of San Antonio, for appellant.

Augustus McCloskey, of San Antonio, for appellees.

FLY, C. J. ·

A. F. Barnhill sought a receivership as against appellant, alleging that it was indebted to him in the sum of $600 for wages; said debt having been created by Max Pray and D. W. Chamberlain, and that they had organized the corporation to defeat his claim.

The plaintiff alleged in his petition "that he is afraid and really believes that said defendants, Pray and Chamberlain, will, if they have not already done so, make transfers of the stock they hold in said corporation to innocent purchasers and thus defeat the just and lawful claim of this plaintiff and others mentioned herein. And that the only sufficient remedy plaintiff has is for this Honorable Court to immediately appoint a Receiver to take charge of all of the assets and to conserve the same for the benefit of plaintiff and the others whose names are mentioned herein." There is no positive allegation that appellees will lose their debt, if the receiver was not appointed. The receiver was appointed in an ex parte proceeding without notice to appellant.

This is a drastic and harsh remedy and should never be resorted to without full, clear, and explicit allegations of irreparable injury to the applicant for such relief, and never granted except upon a clear showing that no other legal remedy is open to the applicant. No person's property should be seized and placed in the hands of another without due notice or at least upon a clear showing of imminent irreparable injury. A writ of injunction to prevent the sale or disposal of the property would have been adequate to have held the property and have protected applicant until a full hearing could have been had on the facts. The courts of the state frown upon such arbitrary methods in dealing with the property of citizens of the state. Zanes v. Lyons (Tex. Civ. App.) 36 S.

W.(2d) 544, and numerous decisions therein cited; Amason v. Harrigan (Tex. Civ. App.) 288 S. W. 566, 570. The last case cited was by this court, through Associate Justice Smith, and therein it was held: "It is obvious that the purpose of the extraordinary relief prayed for could have been fully accomplished by issuance and service upon the defendant of a temporary restraining order prohibiting him from disturbing the status of the property or disposing of it until a hearing could have been had upon the application for both the injunction and the appointment of a receiver. Certainly notice of such restraining order and of the impending hearing could have been gotten to the defendant within the same period occupied by the receiver in reaching appellant's premises and demanding possession of his property, notwithstanding the somewhat startling celerity with which the receiver got on the ground and demanded possession of the property. By this simple means of a temporary restraining order, as distinguished from a temporary injunction, and at a nominal cost to the litigants, the property of appellant could have been held intact and its status fully preserved until notice could be given appellant, and he be given an opportunity to present his defenses to the wholesale charges made against him, and be heard concerning his rights in the matter." ·

The error in granting the receivership on the allegations is obvious, and is of such fundamental nature as to require a reversal, even though no brief had been filed. Appellant, however, filed a brief, although only eight days before the submission of the cause. The cause was advanced, and, of course, no rigid rules can be enforced as to briefing.

The judgment is reversed, and judgment here rendered that the receivership be vacated and set aside at the cost of appellees.