**WOLF v. WOLF et al.**

No. 8923.

Court of Civil Appeals of Texas. San Antonio.

April 8, 1932.

Rehearing Denied May 11, 1932.

Hull & Oliver, of San Antonio, for appellant.

James Young, Jr., Howell J. Mueller, and Herman Glosserman, all of San Antonio, for appellees.

**FLY, C. J.**

This is an appeal from an order of the district court appointing a receiver for the property of appellant. A suit was instituted by appellant to obtain an injunction against appellees to restrain them from interfering with him in the management of his estate. The answer pleaded that the appellant is a person of unsound mind and was, squandering his estate and was an easy victim to swindlers of various kinds, and prayed that a receiver be appointed and that appellant be restrained from interfering with the receiver. The answer was filed on March 22, 1932, and such receiver was appointed on the same date without any notice to appellant, and he was enjoined from handling his own property. The order appointing the receiver shows affirmatively that no testimony was offered, but the order was based on statements of the attorneys for appellees.

■ Appellees are children and a grandchild, who own no interest in appellant's estate. They charge him with insanity, but affirmatively show that an effort to declare him insane had failed up to that time. Appellant is presumed to be sane and entitled to the management and control of his property. Without interest in the property and without testimony to support appellees' grave and humiliating charges against appellant, in haste and without notice, appellant has been deprived of his property. The injustice and harshness of the proceeding is apparent. If appellant is insane, that fact can be established in a legal manner and a guardian appointed to protect his property interests, without resorting to the expensive plan involved in a receivership.

■ Receiverships without notice have been often condemned by the courts, and only a few weeks ago this court strongly condemned the practice. Pray-Chamberlain v. Barnhill (Tex. Civ. App.) 46 S.W.(2d) 462.

The order appointing a receiver is reversed, the receivership dissolved, and the proceedings set aside.