### SAN ANTONIO SUBURBAN IRRIGATED FARMS v. BEXAR–MEDINA–ATASCOSA COUNTIES WATER IMP. DIST. NO. I.
#### No. 8929.

Court of Civil Appeals of Texas. San Antonio.

April 15, 1932.

512

Eskridge & Groce, of San Antonio, for appellant.

R. J. Noonan and L. J. Brucks, both of Hondo, and J. B. Lewright, of San Antonio, for appellee.

FLY, C. J.

Appellee sued appellant to recover assessments against its lands in Medina County, and to have a receiver appointed to take charge of the properties of appellant and administer them in the collection of such assessments or taxes. The application for a receiver was presented to the trial judge in Uvalde on March 5, 1932; the petition having been filed in Medina County on February 24, 1932, and set for a hearing in Kendall County on March 14. The receivership was ordered in chambers in Kerrville, Kerr County, on March 16, 1932.

The grounds on which the receivership was sought are stated as follows:

"Plaintiff would further show to the court that by reason of the failure and refusal of defendant to promptly pay the maintenance and operation assessments as aforesaid, plaintiff has been deprived of the means with which to keep its irrigation system in effective condition and has been unable to operate it properly for the use of the other lands situated within its boundaries. That defendant owns 25,000 acres of land, or more, within said district; that it has ample resources and income from which all taxes and assessments can be promptly paid if its affairs were prudently managed, but that defendant arbitrarily and without just grounds refuses to pay the assessments heretofore set out, as well as certain ad valorem taxes duly and legally levied against it and its lands by plaintiff. That by being deprived of the funds justly due it by defendants, plaintiff's irrigation system has fallen into a state of disrepair for lack of funds, and that plaintiff is in dire need of the moneys due it in order to repair its said system and bring it back to a state of efficiency. In this connection, plaintiff further shows that defendant is now involved in litigation with numerous persons to whom it has sold portions of the lands held by it within the district, in which such purchasers seek rescission; that defendant is being sued for delinquent taxes, and its affairs generally are very much involved; that defendant, instead of applying its rents and revenues and the proceeds of sales of land to the payment of the aforesaid assessments and other legal charges against it, has misapplied the same and appropriated them to other purposes unknown to plaintiff. That in order to

avoid such further misapplication, and to enable plaintiff to collect the moneys for which it sues herein, and on account of the grave emergency existing as herein shown, plaintiff says that a Receiver should be appointed to take over the effects and properties and income of defendant until such time as the assessments herein sued for are fully discharged, and that such receivership is not only necessary for this purpose, but is necessary as well for the protection of the owners of land (other than defendant) within plaintiff's boundaries."

The judge appointed a receiver as sought by appellee, a political division of the State, without notice to appellant, without a hearing and apparently without testimony. No emergency was alleged, but it is a plain case of a water district endeavoring to collect taxes from farmers through the assistance of an expensive receivership.

It is provided by statute, in this State, article 2293 (Rev. St. 1925) that a receiver may be appointed:

"1. In an action by a vendor to vacate a fraudulent purchase of property; or by a creditor to subject any property or fund to his claim; or between partners or others jointly owning or interested in any property or fund. on the application of the plaintiff or any party whose right to or. interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.

"2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt.

"3. In cases where a corporation is insolvent or in imminent danger of insolvency; or has been dissolved or has forfeited its corporate rights.

"4. In all other cases where receivers have heretofore been appointed by the usages of the court of equity."

 A receivership is only granted in case of an emergency, when there is a failure of adequate legal manner in which to obtain relief. The statute must be construed in the light of age old rules of equity and cannot be taken as meaning that a creditor can, in forcing the collection of any debt, obtain a receiver to aid him. It is only in extraordinary cases that a receiver should be appointed and increase the burdens of the unfortunate debtor. The application for a receivership is a harsh, drastic measure, as has been often held by this and other appellate courts of Texas, and should only be granted in cases

of emergency when the machinery of the law does not afford adequate means for relief. Hill v. Lofton (Tex. Civ. App.) 165 S. W. 67 (writ denied); Amason v. Harrigan (Tex. Civ. App.) 288 S. W. 566; Zanes v. Lyons (Tex. Civ. App.) 36 S.W.(2d) 544; Pray-Chamberlain Producers, Inc., v. Barnhill et al. (Tex. Civ. App.) 46 S.W.(2d) 462.

██ This Court is cognizant of no law that authorizes a political division of the State to collect the taxes it is empowered to levy on the lands of the district citizen, but a lien is given on the lands for the taxes, and adequate means are provided for their collection. The laws for the collection of taxes, by implication at least, forbid a resort to other methods of collecting taxes than the statutory methods. Taxes of all kinds have become burdensome on the citizen, and it would be oppressive and confiscatory to lay on his overburdened shoulders the cost of a receivership. The lands in this case are held by a firm statutory lien to secure payment of taxes, and the land cannot escape, be destroyed or be holden from the tax collector. The taxes can be collected through a judgment for the amount and a foreclosure of the lien.

█ Appellant is a private corporation organized under the provisions of Texas law, and Rev. St. 1925, art. 2312, as amended by Acts 40th Leg. (1927) c. 13, § 1 (Vernon's Ann. Civ. St. art. 2312) clearly provides that an action to obtain a receivership must be instituted in the county where the principal office of•the corporation is situated. There is no doubt that the principal office of appellant is in Bexar County, because it is so alleged in the petition of appellee. It is clear that if appellee had in all other respects been entitled to a receiver, the district court of Medina County had no jurisdiction to grant the receivership. The Article seems to have been ignored and the application for a receiver made the peripatetic journey around the judicial district and final action was taken in Kerr County. It would have taken a very active and alert defendant, even with adequate notice of the application, to have followed it up in its journeyings from county to county.

The motion filed in this Court to dismiss the appeal is without merit and evidently was filed with the design of bringing before this Court a statement of facts having no bearing upon the motion, and intended to introduce matters which have no place in this appeal. The motion is overruled.

The judgment appointing the receiver is reversed, the receivership vacated and the application therefor dismissed from the trial court.