**STAR et ux. v. EVERETT.**

No. 1154.

Court of Civil Appeals of Texas. Eastland.

Dec. 2, 1932.

Frank Sparks, of Eastland, and L. H. Flewellen, of Ranger, for appellants.

M. E. Lawrence, of Eastland, for appellee.

LESLIE, J.

Upon the ex parte application of H. E. Everett, landlord, a receiver was appointed to take charge of the mercantile establishment owned and operated by M. F. Star and wife and known as the Star Drygoods Company in Ranger, Eastland County, Tex. The Stars were tenants of Everett and were alleged to be in arrears for rents payable from month to month on a store building. Hence this appeal is from an interlocutory order of the district judge appointing the receiver.

The main suit purports to be for about twenty months' past-due rents at the rate of $82.50 per month, with a credit of $954.28 on the total rent. The allegations are general, not specifying the particular months for which the defendants are in default. Following this statement of the cause of action, the plaintiff sought the appointment of the receivership in aid of the collection of the debt, alleging the grounds therefor in this language: "Plaintiff would further represent and show to the court that, while the defendant is insolvent he has assets with reasonable cash value of approximately the amount due as rent; that said assets consist of merchandise which is subject to being sold and the proceeds of said sale placed beyond the reach of this plaintiff and this court; that said stock can easily be moved beyond the reach of this plaintiff and this court; that this plaintiff has been informed that, since the defendants do not have funds with which to pay rents due under said lease, that they intend to move said goods, wares and merchandise; that same is in great danger of being, lost, removed and materially injured and wholly dissipated to the great loss of this plaintiff unless this Honorable Court appoints a receiver to take over and administer the assets of said defendants. That the defendants are unable to pay at this time and will be more so later unless a receiver of said property is appointed with ample powers to protect, operate and save the same."

In response to the above pleadings, the receivership was granted on an ex parte hearing and without any notice whatever to the appellants. The receiver was appointed with sweeping authority to immediately take charge of the furnishings, fixtures, goods, and merchandise of the defendants to be found in said building; to obtain a purchaser for said property, report same to the court, etc. The appellants challenge the authority of the trial court to appoint the receiver under the circumstances alleged.

The authorities forbid the appointment of a receiver without notice unless facts are alleged showing that there is such pressing necessity for haste that the applicant will likely suffer irreparable loss if the appointment is delayed until notice is given to the defendant and a hearing had. The rule in such cases is well stated in Tardy's Smith on Receivers (2d Ed.) § 731, as follows: "A receiver may be appointed without notice where the defendant is beyond the jurisdiction of the court or cannot be found, or where some emergency is shown, rendering the appointment before the giving of notice necessary to prevent imminent and irreparable injury, waste, destruction, or loss, or when notice itself will jeopardize the delivery of the property over which the receivership is to be extended. The situation must be such as to be of such imperious necessity that it requires immediate action and of a character that no other protection can be accorded to the plaintiff. * * * The power to make such appointments should not be exercised in doubtful cases, or where sufficient protection could be afforded in some other way, such as, for instance, by means of an injunctional order until notice can be given and the application for a receiver heard and determined."

Tested by the foregoing rule, the court below was not warranted in appointing the receiver in this case upon the ex parte hearing without notice to the defendants. The pleadings allege no facts setting forth such emergency or necessity for haste as would

preclude notice to the defendants and a hearing upon the application. Such was the holding of this court in the recent case of Sanger Oil & Rfg. Co. v. Crisman, 53 S.W.(2d) 490, where numerous authorities are cited, and to which we add San Antonio, etc., Co. v. Bexar-Medina-Atascosa, etc., Co. (Tex. Civ. App.) 49 S.W.(2d) 511.

■ While the proposition based upon the absence of notice under the circumstances is controlling in the disposition of this appeal, nevertheless it is the opinion of this court that the allegations of the petition by which the receivership is sought are in themselves fundamentally insufficient to warrant the granting of the relief prayed for, as may be seen from the authorities cited

For the reasons assigned, the judgment is reversed, and judgment here rendered that the receivership be vacated and set aside at the cost of the appellee.