## LOS OLMOS OIL & GAS CO. v. STRONG et al.

### No. 9244.

Court of Civil Appeals of Texas. San Antonio.

June 21, 1933.

Lee O. Cox, of Harlingen, and Seabury, George & Taylor, of Brownsville, for appel-. lant.

Carter & Stiernberg, of Harlingen, for appellees.

FLY, Chief Justice.

This is an appeal perfected by appellant from a judgment rendered in an ex parte proceeding granting a receivership of the property of appellant. The suit was filed by H. T. Strong and about twenty others, some being stockholders in the appellant company and others creditors. The receivership was granted upon the allegations of the petition, ex. parte affidavits of different parties, and statements of appellees.

The allegations are that appellant has a domicile in Harlingen, Cameron county, and operated an oil field in Starr county. The petition was filed on May 5, 1933, and on the same day the receivership was granted, without notice to appellant, whose domicile was in the same county in which suit was filed. The court, in his order appointing a receiver, stated:

"And the court having read the verified bill of complaint, and hearing the statements in open court for the plaintiffs, and being of the opinion from such verified petition and from the statements of plaintiff, and affidavits attached to such petition that the defendant is in imminent danger of having valuable leases forfeited and also that the said J. W. Rich-

ards as Manager of the defendant is seeking to sell, and will sell, the entire holdings of the defendant unless a Receiver is appointed without further notice, is of the opinion that the same presents a proper case authorizing the appointment of a Receiver and for granting the relief shown in this order."

A fair synopsis of the allegations of the petition is made in the brief of appellees, and is as follows:

"(1) That the corporation is being grossly mismanaged by J. W. Richards;

"(2) That the corporation, through its manager, J. W. Richards, 'has failed to keep up the royalty payments to the land owners or lessors of the field, and has thus placed it within the powers of such land owners or lessors to foreclose such lien and to forfeit said leases';

"(3) That said J. W. Richards has continued to drill wells which are producers and then capped them off and refused to let them produce oil;

"(4) That the entire oil field of the corporation is being 'wasted, dissipated and injured by the said J. W. Richards';

"(5) That the oil field is being materially injured;

"(6) That the pumps on the different wells in the field are not being properly cared for;

"(7) That the corporation has outstanding debts in excess of $25,000.00; and has under the gross mismanagement of J. W. Richards accumulated 'more and more liabilities and continues to accumulate more from day to day, and has ceased to pay its debts in the regular course of business and is daily incurring expenses and debts that can not reasonably be paid by it under the present management.'

"(8) That the property of the corporation, by virtue of the present gross mismanagement, is deteriorating in value and being materially injured;

"(9) That the corporation is in imminent danger of insolvency;

"(10) That the president and general manager, J. W. Richards, 'is now seeking to sell the entire holdings of said defendant corporation and is doing so secretly without giving any information to any of the stockholders' and will sell the same unless a Receiver is appointed;

"(11) That defendant is indebted to Ed Rips and Will Rips, doing business as Rips Pipe & Supply Company, part of the plaintiffs, in the sum of $10,500.00, and that such debt is secured by an assignment of one-third of all of the production from the oil field belonging to defendant;

"(12) That J. W. Richards received, as an individual, some additional compensation

for refusing to sell the company's oil at 65 cents per barrel, while he was selling it as low as 15 cents per barrel and not higher than 38½ cents per barrel;

"(13) That said Richards has refused to furnish the stockholders with a financial statement of the company's condition and has expressed himself showing that he had no regard whatever for minority stockholders;

"(14) That said Richards has been, and is now, 'Selling oil at a price far below that being paid to adjoining operators';

"(15) That defendant has breached its contract with Rio Grande Public Service Company by failing to supply said Service Company with gas in accordance with the contract between said Service Company and defendant, and has failed to drill additional gas wells as provided in the contract between said Service Company and the defendant corporation;

"(16) That the manager, Richards, to whom complete control of the defendant corporation had been given by the directors, was running the same on the advice of a fortune teller."

██ No emergency requiring the appointment of a receiver of the appellant's property was alleged unless the allegation of appellees that leases might be forfeited or the property be sold by the president of the company be such emergencies as should justify a court in granting a receivership and placing all the property of a defendant in the hands of some person other than the defendant. If the lessors had instituted proceedings contemporaneously with the filing of the suit, they could not have accomplished forfeitures so swiftly as to prevent a notice by telephone to the office of appellant, in the same county, nor even a notice served in the regular and legal way by the sheriff of Cameron county. The allegations clearly failed to show any emergency. It is unreasonable to suppose that the lessor could forfeit all the leases with such swiftness that notice could not be given of the application for a receivership to the owners of property only a few miles away. The allegations of an intention on the part of the president and manager to sell the entire property or that he was consulting a fortune teller as to the business of the company do not create an emergency justifying the appointment of a receiver without notice. The officer, if he desired, could not sell the property of the company without authority of the stockholders and board of directors. Rogers-Hill & Co. v. San Antonio Hotel Company (Tex. Civ. App.) 7 S.W.(2d) 601. No emergency was shown to exist if every allegation in the petition be taken as absolutely true.

There is no allegation of insolvency of the corporation, nor do the facts alleged show that there is any imminent danger of the corporation becoming insolvent. Article 2293, Rev. Stats. of Texas.

█ This court has consistently and with emphasis condemned the drastic remedy of appointing a receiver without notice to the owner of the property of which possession is sought, except in cases of the plainest emergency, so imminent that great injury would result if time were allowed in which to notify the owner that his property is to be forcibly taken from his possession and placed in the control of another. This is fully set forth in the cases of Amason v. Harrigan (Tex. Civ. App.) 288 S. W. 566, and Pray-Chamberlain Producers v. Barnhill (Tex. Civ. App.) 46 S.W.(2d) 462. In the last case it is held that the allegations must show that irreparable injury is imminent and that no other method is open except the appointment of a receiver to protect the rights of the plaintiff. It is candidly admitted by appellees that grave doubt arises as to the sufficiency of the allegations of the petition, but this court has no doubts as to the failure of the petition to allege any facts justifying the appointment of a receiver without notice, if at all.

The judgment is reversed, and the appointment of a receiver is set aside as being null and void, and the case is remanded.